ISRAEL KRIEGER, Appellant, v. KATE LEMOLE, Respondent.

Supreme Court, Appellate Term, First Department, April 11, 1924.

Negligence — action for injuries alleged to have been sustained by tripping and falling over coal hole cover — evidence that cover swung open under plaintiff's foot not at variance with allegation that plaintiff tripped and fell — doctrine of res ipsa loquitur applicable.

Where the complaint in an action for personal injuries alleges that the plaintiff while walking in front of defendant's premises tripped and fell over a coal hole cover, testimony that the plaintiff put his foot on the cover of the coal hole and the cover turned up and rolled away is not at variance with the allegation in the complaint that he tripped and fell over the cover, especially in view of the fact that plaintiff's bill of particulars stated the real charge of negligence to be the maintaining of the coal hole cover in a defective and unfastened condition.

The circumstances warrant an inference of negligence by the defendant in the care and management of the coal hole, and since the coal hole was exclusively under defendant's control, the plaintiff was entitled to avail himself of the doctrine of res ipsa loquitur.

APPEAL by plaintiff from a judgment of the City Court of the city of New York, dismissing the complaint at the close of the plaintiff's case.

Leopold Freiman, for the appellant.

Samuel Hellinger (Edward M. O. Pratt, of counsel), for the respondent.

BIJUR, J.　Plaintiff alleged in his complaint that while walking in front of defendant's premises he "tripped and fell over said coalhole cover" and sustained injuries. He testified that he put his foot "on the cover of the coalhole and I went down　* * *. When I fell down the cover of the hole turned up and went to the side and rolled away." On this defendant's counsel moved to strike out the testimony as being at variance with the allegations of the complaint. Defendant at no time pleaded surprise, nor asked for time to meet the "varied" charge, if such it was, but in my opinion there was no variance but a mere change in a detail concerning the happening of the accident. Moreover, the bill of particulars stated that the accident was caused by the negligence of the defendant "in maintaining the coalhole cover in a defective and unfastened condition;" consequently, the defendant was fully apprised of the real charge of negligence regardless of whether the plaintiff "tripped" on the cover or whether the cover swung open under his foot. The charge at the trial and the charge in

the bill of particulars was the same, namely, that the cover was not sufficiently fastened.

Respondent's further contention is that the coalhole having been in existence for a period of ten years must be presumed to have been licensed, and consequently its mere existence did not constitute a nuisance. To this is added that there was no proof that it was maintained in a defective condition. But in this respect respondent is in error, as pointed out by this court in *Miners* v. *Ausfresser,* 167 N. Y. Supp. 17, which, so far as the question now raised is concerned, is practically on all fours with the instant case. The circumstances testified to warrant an inference of negligence in respect of the care and management of the coalhole. It was exclusively in the hands of the defendant and entitled plaintiff to avail of the doctrine *res ispa loquitur.*

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

McCook and CRAIN, JJ., concur.

Judgment reversed.